NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

16-1046

STATE OF LOUISIANA

VERSUS

BRYSON PROVOST

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 13-1130
HONORABLE VINCENT BORNE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*
**SHANNON J. GREMILLION**
**JUDGE**
\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

**M. Bofill Duhe′**
**District Attorney - 16ᵗʰ Judicial District**
**Nicole Burke, ADA**
**300 Iberia Street #200**
**New Iberia, LA 70560**
**(337) 369-4420**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**Chad M. Ikerd**
**Louisiana Appellate Project**
**P.O. Box 2125**
**Lafayette, LA 70502**
**(225) 806-2930**
**COUNSEL FOR APPELLANT:**
  **Bryson Provost**

**Gremillion, Judge.**

On June 26, 2014, Defendant-Appellant, Bryson Provost, was charged by bill of information with simple burglary, a violation of La.R.S. 14:62. On May 25, 2016, Defendant-Appellant was found guilty by a jury of simple burglary. On June 2, 2016, at a sentencing hearing, the trial court deferred Defendant-Appellant's sentence, pursuant to La.Code Crim.P. art. 893. Defendant-Appellant was placed on a three-year term of active, intensified supervised probation subject to the general conditions of La.Code Crim.P. art. 895(A), along with the following special conditions of probation: report to the New Iberia Probation Office within 24 hours of sentencing hearing; report monthly, or as directed, to the probation officer; pay a monthly $60.00 probation supervision fee; pay a $500.00 fine and court costs over the period of probation; pay prosecution costs in the amount of $500.00 within the first year of probation; pay the Public Defender's Office $500.00 for services rendered; pay investigation costs of $150.00 to the Iberia Parish Sheriff's Office; pay $45.00 to the Iberia Parish Sheriff's Office drug screening fund; pay restitution in the amount of $40.00 to the victim; perform 40 hours of community service within one year of probation or within the first year of probation; submit to and pay for random drug screens at the direction of the probation officer during the period of probation; remain drug and alcohol free during the period of probation; stay out of bars and away from illicit drug and substance abusers; and remain continually and gainfully employed or a full-time student. The trial court also ordered Defendant/Appellant to have no contact with the victim or the witnesses. The trial court further stated the Defendant acknowledged notice of intent of the District Attorney's Office to seek a civil money judgment, in accordance with La.Code Crim.P. art. 886.1, if Defendant/Appellant fails to pay the fine, court costs, and prosecution cost within

sixty days of imposition of sentence. Defendant/Appellant was ordered to pay $100.00 to the Sixteenth Judicial District Attorney's Office judicial expense fund for non-payment. Upon completion of all special conditions and after one year of supervised probation, Defendant-Appellant is to be placed on unsupervised probation.

On November 30, 2015, Defendant-Appellant filed a "MOTION FOR NEW TRIAL" and a "MEMORANDUM IN SUPPORT OF MOTION FOR NEW TRIAL" with the trial court. Defendant-Appellant asked the trial court to "grant this motion, and after a hearing on the merits to grant a new trial vacating the conviction previously imposed." Subsequently, an evidentiary hearing was held on December 1, 2015; thereat, the trial court denied Defendant-Appellant's Motion for New Trial.

On June 6, 2016, Defendant-Appellant filed a "MOTION FOR APPEAL AND WITHDRAWAL AS COUNSEL OF RECORD" with the trial court. The trial court granted Defendant-Appellant's motion on June 9, 2016.

On December 20, 2016, this court lodged the appeal record. On January 6, 2017, this court issued a rule to show cause why the appeal should not be dismissed, as the judgment at issue is not an appealable judgment since imposition of sentence was deferred. La.Code Crim.P. art. 912(A) and (C)(1).

On January 27, 2014, Defendant-Appellant's brief was "FILED IN RESPONSE TO ORDER TO SHOW CAUSE WHY THE APPEAL SHOULD NOT BE DISMISSED" with this court. Defendant-Appellant's counsel responded, acknowledging that the case is non-appealable and that "this Court should give Bryson time to apply for a supervisory writ of review to determine whether there were reversible errors or insufficient evidence in this case."

2

Louisiana Code of Criminal Procedure Article 912(C)(1) permits an appeal by a defendant from a judgment which imposes a sentence which did not occur since the trial court "defer[red] the imposition of sentence" in this case. Accordingly, we hereby dismiss Defendant-Appellant's appeal. Defendant-Appellant is hereby permitted to file a proper application for supervisory writs, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than thirty days from the date of this decision. Defendant-Appellant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3, as we hereby construe the motion for appeal as a timely-filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

3